FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 MAR 16 AM 10: 32

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

WARREN AIKEN, JR.,

    Plaintiff,

v.                    Case No. 3:11-cv-225-J-20JRK

U.S. MAGISTRATE FEDERAL
JUDGE CLERK, etc.; et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names the following individuals as the Defendants in this action: (1) Martin J. Bidwill, Administrative Judge for the Circuit Court, Seventeenth Judicial Circuit in and for Broward County, Florida; (2) Broward County Circuit Courthouse Law Enforcement; (3 Paul Molle, a lawyer in Broward County; and (4) Ms. D. Zak, an employee at Suwannee Correctional Institution in Live Oak, Florida. While the Complaint is not a model of clarity, it appears that Aiken is complaining about the conditions of confinement at Suwannee Correctional Institution. Specifically, Aiken seeks clarification of the rules of the Florida Department of Corrections pertaining to "K.O.P. diet food passes" and the substance abuse program.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff in this Court that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:06-cv-37-J-12TEM; (2) 3:07-cv-502-J-33TEM; (3) 3:07-cv-558-J-12HTS; and (4) 3:07-cv-827-J-33HTS. Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.[1]

---

[1] This Court has dismissed many of Aiken's previously-filed cases pursuant to the three strikes provision of 28 U.S.C. § 1915(g). See Case Nos. 3:11-cv-60-J-25JRK; 3:10-cv-1166-J-12JRK; 3:10-cv-93-J-34MCR; 3:10-cv-12-J-34HTS; 3:09-cv-851-J-20TEM; 3:08-cv-423-J-25JRK; 3:08-cv-307-J-25TEM; 3:07-cv-1212-J-33JRK; 3:07-cv-1009-J-33HTS; and 5:07-cv-443-Oc-10GRJ.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16t day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

sc 3/10
c:
Warren Aiken, Jr.

- 3 -